UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JACOB S. HEIMROTH,

                                        **Petitioner,**

   vs.                                                   9:21-CV-1376
                                                                       (MAD/DJS)

**CHRISTOPHER MILLER,**

                                        **Respondent.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**JACOB S. HEIMROTH**
**17-A-0174**
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541
Petitioner, *pro se*

**OFFICE OF THE NEW YORK**             **PRISCILLA I. STEWARD, AAG**
**STATE ATTORNEY GENERAL**
28 Liberty Street
New York, New York 10005
Attorney for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On December 27, 2021, Petitioner Jacob S. Heimroth, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2017 state conviction for second-degree murder, first- and second-degree burglary, and fourth-degree grand larceny. *See* Dkt. No. 1. In his petition, Petitioner claims that: (1) he was denied his

1

constitutional right to a speedy trial; (2) he was denied a fair trial because of admitted evidence; (3) his conviction was the result of legally insufficient evidence; (4) the prosecution withheld evidence and elicited false testimony; and (5) he was denied a fair trial because of the trial judge's refusal to read specific testimony to the jury.  *See id.* at 5-17.  Respondent opposes the petition.  *See* Dkt. No. 19.  Petitioner replies.  *See* Dkt. No. 22.

In a Report-Recommendation and Order dated February 5, 2024, Magistrate Judge Daniel J. Stewart recommended that the Court (1) deny and dismiss the habeas petition; and (2) deny a certificate of appealability.  *See* Dkt. No. 24.

## II. DISCUSSION

**A.     Standard of Review**

When a party files specific objections to a magistrate judge's report and recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  When a party declines to file objections to a magistrate judge's report and recommendation, the district court reviews the recommendations for clear error.  *See McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  Also, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also John L. M. v. Kijakazi*, No. 5:21-CV-368, 2022 WL 3500187, *1 (quoting *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013)) ("A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion.  Properly raised objections must be 'specific and clearly aimed

2

at particular findings' in the report"); *Bowman v. Racette*, No. 12-CV-4153, 2015 WL 1787130, *2 (S.D.N.Y. Apr. 20, 2015), *aff'd*, 661 Fed. Appx. 56 (2d Cir. 2016) (reviewing objections for clear error where they were "couched in conclusory language and repeat [] earlier arguments"). After the appropriate review, "a judge of the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Neither party has filed objections. Thus, the Court reviews Magistrate Judge Stewart's Report-Recommendation and Order for clear error.

**B.     Grounds for Relief**

The Court finds no clear error in Magistrate Judge Stewart's Report-Recommendation and Order. First, as to Petitioner's speedy trial claim, Magistrate Judge Stewart correctly concluded that the state court did not unreasonably apply federal law or determine the facts. *See* Dkt. No. 24 at 10.[1] Magistrate Judge Stewart explained that 715 days elapsed between the date of Petitioner's arrest and the date of his conviction. *See id.* at 11-12. Applying the "*Taranovich* factors," the state trial and appellate courts concluded that Petitioner's speedy trial rights were not violated. *See* Dkt. No. 20, State Court Records ("SR") at 162-70, 822-31; *see also People v. Heimroth*, 181 A.D.3d 967 (3d Dep't 2020); *People v. Taranovich*, 37 N.Y.2d 442 (1975).[2] Magistrate Judge Stewart first noted that the New York *Taranovich* factors are essentially identical to those set forth by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). *See* Dkt. No. 24 at 10-11; *see also Williams v. Lee*, No. 14-CV-2981, 2017 WL 4685273, *18 (S.D.N.Y. Aug. 8, 2017) (quoting *Gathers v. New York*, No. 11-CV-1684, 2012 WL 71844, *12 (E.D.N.Y. Jan. 10, 2012)) ("'Although the *Taranovich* factors and the *Barker* factors are not identically phrased, they are

---

[1] Citations to the parties' filings are to the pagination generated by CM/ECF.
[2] Citations to the state court records are cited as "SR," and citations to the state court transcripts as cited as "Tr."

3

essentially identical tests'"). Applying the relevant factors, he concluded that the state court's analysis was not contrary to established law: Petitioner's case was a complex and serious criminal prosecution; much of the delay was either attributable to Petitioner's counsel filing appropriate pre-trial motions, or consented to by Petitioner; the speedy trial issue was raised just before the scheduled start of trial; and Petitioner did not identify any specific prejudice as a result of the delay. *See* Dkt. No. 24 at 17. The Court finds no clear error in this analysis or conclusion.

Next, Magistrate Judge Stewart concluded that the state appellate court did not unreasonably apply established federal law in concluding that the state trial court appropriately admitted graphic photographs of the victims at trial. *See id.* at 21. In so concluding, Magistrate Judge Stewart correctly explained that trial courts have broad discretion in determining what evidence to admit or exclude at trial and that the admittance of graphic or gruesome photos is not automatically excludable because of the inherent prejudice. *See id.* at 18-29; *see also United States v. McPartland*, 81 F.4th 101, 114 (2d Cir. 2023); *United States v. Velazquez*, 246 F.3d 204, 211 (2d Cir. 2001). Rather, such photographs may be admitted if it tends to prove or disprove a disputed or material issue. *See United States v. Saipov*, No. 17-CR-722, 2023 WL 4199415, *6 (S.D.N.Y. June 27, 2023) (citing *United States v. Fell*, No. 5:01-CR-12-01, 2018 WL 7247414, *1 (D. Vt. Apr. 4, 2018)). The state trial and appellate courts weighed the prejudicial and probative values of the photos of the victims and concluded that their admittance was permitted. *See* Tr. at 955-57, 1626, 1643-45; *see also Heimroth*, 181 A.D.3d at 970. The Court finds no error in Magistrate Judge Stewart's conclusion that the state courts' determinations were neither contrary to nor an unreasonable application of federal law. *See* Dkt. No. 24 at 21.

Petitioner claims that his conviction was obtained through legally insufficient evidence because the evidence in his case was not "corroborated." Dkt. No. 1 at 8. Magistrate Judge

4

Stewart explained that a large portion of the evidence against Petitioner at trial came from Petitioner's co-conspirator.  *See* Dkt. No. 24 at 21.  Magistrate Judge Stewart first differentiated between the New York and federal standards concerning corroboration of co-conspirator testimony: in New York, such testimony must be corroborated by independent evidence, but under federal law, corroboration is not required.  *See id.* at 22-23; *see also Mingo v. Artuz*, 174 F.3d 73, 78 (2d Cir. 1999); *United States v. Gordon*, 987 F.2d 902, 906 (2d Cir. 1993).  Because of this distinction, he concluded that Petitioner's claim raised an issue of state law which is not cognizable on federal habeas review.  *See* Dkt. No. 24 at 23; *see also Lewis v. Jeffers*, 497 U.S. 764, 783 (1990) (holding those errors of state law "are not cognizable in federal habeas proceedings").  Nevertheless, Magistrate Judge Stewart determined that the state courts did not err in concluding that the co-conspirator's testimony was corroborated by additional witness testimony and photographic evidence.  *See* Dkt. No. 24 at 22-23.  The Court finds no clear error in this portion of the Report-Recommendation and Order.

Magistrate Judge Stewart then reviewed Petitioner's remaining grounds for relief.  *See id.* at 24-33.  He noted that Petitioner's claims concern one prosecution witness: Laurie Rist, the victims' next-door neighbor.  *See id.* at 24.  Petitioner claims that (1) the prosecution failed to disclose that it was prosecuting Ms. Rist's son, (2) the trial court erred in not reading back portions of Ms. Rist's testimony to the jury, and (3) the prosecution knew it elicited false testimony from Ms. Rist.  *See* Dkt. No. 1 at 10, 16.

Ms. Rist testified at trial that on the night of the murder, she saw two individuals outside of the victims' trailer and that she called the police to report the suspicious activity.  *See* Tr. at 787, 793.  However, she admitted on cross-examination that she never noted that there was a second individual during her grand jury testimony or statement to the police.  *See id.* at 809-814.

She testified that she saw one person get into the passenger side of a vehicle and therefore assumed there was a second person, *i.e.*, the driver.  *See id.* at 2216-17.  Her phone call to the police was played to the jury, during which she mentioned that "they" woke her up with banging noises.  Dkt. No. 24 at 25 (citing Dkt. No. 19-1 at 11).

During deliberations, the jury requested to hear a portion of Ms. Rist's testimony.  *See* Tr. at 2752; SR at 1221.  Petitioner's counsel consented to the read-back.  *See* Tr. at 2753.  Following the reading of the testimony, Petitioner's counsel requested that his cross-examination of Ms. Rist also be re-read.  *See id.* at 2753-2770.  The trial judge denied the request and the appellate court affirmed the denial.  *See id.* at 2773-78; *Heimroth*, 181 A.D.3d at 971.

Magistrate Judge Stewart first noted that Petitioner's claims concerning "new" evidence and prosecutorial misconduct were procedurally barred because Petitioner did not raise them on appeal.  *See* Dkt. No. 24 at 27-28; *see also* SR. at 1239-40.  The Court finds no clear error in that conclusion because Petitioner did not raise the issues on appeal and has not established sufficient reasons for the failure to do so.  *See Gutierrez v. Smith*, 702 F.3d 103, 111 (2d Cir. 2012) (quotation and additional quotation marks omitted) ("'Where a petitioner has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the petitioner can first demonstrate either cause and actual prejudice, or that he is actually innocent'").  Nevertheless, Magistrate Judge Stewart also explained that Petitioner's claims fail on the merits because there is no *Brady* violation where the evidence was presented to the jury, through counsel's cross-examination, and because there was additional evidence supporting the conviction.  *See* Dkt. No. 24 at 28-30; *see also Brady v. Maryland*, 373 U.S. 83, 87 (1963); *United States v. Hunter*, 32 F.4th 22, 31 (2d Cir. 2022) (quotation omitted) ("To establish 'materiality,' a defendant must show that he was prejudiced by the prosecution's failure to

6

disclose. Evidence is 'material' within the meaning of *Brady* when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different"). Thus, the Court finds no clear error in the conclusion that Petitioner failed to establish prejudice from the discrepancy between Ms. Rist's earlier statements and her trial testimony.

As to the read-back of testimony, Magistrate Judge Stewart correctly determined that the trial judge was not required to read additional portions of testimony to the jury beyond that which the jury requested. *See* Dkt. No. 24 at 31-32. Magistrate Judge Stewart concluded that the appellate court's ruling upholding the trial court's actions was not contrary to any federal constitutional requirements. *See id.* at 32. The Court finds no error in the analysis or conclusion on this issue.

Finally, Petitioner alleges that Ms. Rist's son was being prosecuted by the District Attorney's Office that called her as a witness. *See* Dkt. No. 1. at 10. He raised this issue before the trial court, and the trial court determined that the person being prosecuted was not Ms. Rist's son. *See* SR at 820. The trial court noted that even if there was a relationship between the individual and Ms. Rist, that there was no evidence of a correlation between that relationship and Ms. Rist's testimony against Petitioner. *See id.* at 820-21. Magistrate Judge Stewart concluded that "in light of the overwhelming evidence against Petitioner, as well as the effective cross examination of the witness, the necessary prejudice has not been established for this purported *Brady* violation." Dkt. No. 24 at 30-31 (citing *United States v. Payne*, 63 F.3d 1200, 1210 (2d Cir. 1995)). The Court finds no error in this conclusion. *See United States v. Stillwell*, 986 F.3d 196, 200 (2d Cir. 2021).

C.   **Certificate of Appealability**

28 U.S.C. § 2253(c)(1) provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from – (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"  28 U.S.C. § 2253(c)(1).  A court may only issue a Certificate of Appealability "if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).  Petitioner has failed to make such a showing with regard to any of his claims, and the Court declines to issue a Certificate of Appealability in this matter.

### III. CONCLUSION

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 24) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that the petition for writ of habeas corpus (Dkt. No. 1) is **DENIED** and **DISMISSED**; and the Court further

**ORDERS** that no Certificate of Appealability shall be issued with respect to any of Petitioner's claims; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: March 7, 2024
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge